# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CIVIL ACTION NO. 3:10CV-384-H

**ROY PRIDGEN, JR.**                                                            **PLAINTIFF**

v.

**MIKE FONTAINE** *et al.*                                                   **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff, Roy Pridgen, Jr., filed this *pro se* action using a Court-supplied general complaint form. Plaintiff sues Defendants Mike Fontaine, Adam Hahn, Brown Mackie College, Danny Finuf, John Reed, Gary L. Williams, Robert J. Perrin, and Williams and Fudge. He states that in February 2010 he was contacted by Defendant John Reed, an employee of Williams and Fudge, on a telephone line that is in his name and used only by his fiancee for professional usage. Defendant Reed asked Plaintiff to speak with Mark Hatfield, who is Plaintiff's ex-wife's current husband. This caused Plaintiff to believe that "my fiancee was having an affair with Mr. Hatfield" and caused him to have an argument with his fiancee. When Plaintiff called Defendant Reed back, Plaintiff was told that the number was given as a contact number for Hatfield and that Reed was trying to reach Hatfield to discuss collecting money owed by Hatfield to Brown Mackie College. Plaintiff states that he never gave permission for his phone number to be used to contact Hatfield. Plaintiff states that his civil rights were violated. Plaintiff states that "[t]his problem has caused severe irreparable damages mentally." He asserts that, "Williams and Fudge violated by constitutional civil right of invasion of privacy."

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be

less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and the Court is not required to create a claim for a *pro se* plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006)). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to

"police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607 (quoting *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)).

In the present case, Plaintiff has not met his burden of establishing federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff broadly asserts that his civil rights and constitutional rights were violated. However, a claim for violation of constitutional rights must be brought under 42 U.S.C. § 1983. *See Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989) ("[I]t is unnecessary and needlessly redundant to imply a cause of action arising directly under the Constitution where Congress has already provided a statutory remedy of equal effectiveness through which the plaintiff could have vindicated her constitutional rights."). Section 1983 has two basic requirements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991). Plaintiff does not assert that any of the Defendants was a state actor or was acting under color of state law. As such, Plaintiff cannot allege a valid § 1983 action, and the Court lacks subject-matter jurisdiction over Plaintiff's constitutional claims.

Additionally, Plaintiff fails to establish diversity jurisdiction as there is not complete diversity of citizenship. *See* 28 U.S.C. § 1332. To the contrary, Plaintiff identifies Defendants Brown Mackie College, Fontaine, and Hahn as citizens of Kentucky.

Accordingly, because Plaintiff has failed to establish that this Court has subject-matter jurisdiction over this action, the Court will dismiss this action by separate Order.

Date:

cc: Plaintiff, *pro se*
4412.010